UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JOSE LOASIGA LOPEZ, | No. 1:26-cv-01261-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

    Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner entered the United States in October or November of 2022 and was detained shortly after entry.  (Pet. ¶ 14.)  In November 2022, Petitioner was released from custody on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  (*Id.* ¶ 15; Salgado Decl. (ECF No. 2-3), Ex. B at 17.)  In December 2025, Petitioner appeared for a scheduled appointment with ICE at which ICE re-detained Petitioner.  (Pet. ¶¶ 17–18.)  Prior to re-detention, Petitioner was not provided with a written notice explaining the basis for revocation of his release or an opportunity to be heard.  (*Id.* ¶ 23.)

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard as required by both 8 C.F.R. § 212.5(e)(2)(i) and the Due Process Clause of the Fifth Amendment. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and cost required to provide Petitioner with procedural safeguards are minimal.

As neither party objects to the Court ruling on the merits of the underlying Petition (*see* ECF No. 6), the Court does so here. Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1,[1] for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Francisco Jose Loasiga Lopez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1 | convincing evidence, that Petitioner poses a danger to the community or a risk of
2 | flight, and Petitioner shall be allowed to have his counsel present.
3 |     The Clerk of the Court is directed to close this case and enter judgment for
4 | Petitioner. This Order resolves all pending motions.
5 |
6 |     IT IS SO ORDERED.
7 | Dated:   **February 19, 2026**          *Daniel J. Calabretta*
8 |                                          Hon. Daniel J. Calabretta
                                             UNITED STATES DISTRICT JUDGE
9 |
10 |
11 | DJC7 – Lopez26cv01261.merits

3